IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| STX, INC., | : | |
| Plaintiff | : | |
| | : | |
| v. | : | CIVIL NO. AMD 97-1578 |
| | : | |
| BRINE, INC., et al. | : | |
| Defendants | : | |

...oOo...

ORDER

For the reasons stated in the foregoing Memorandum, it is this 18th day of August, 1998, by the United States District Court for the District of Maryland, ORDERED

(1)     That STX'S motion for summary judgment on the fourth and fifth counterclaims is DENIED; and it is further ORDERED

(2)     That STX's motion for sanctions is DENIED WITHOUT PREJUDICE; and it is further ORDERED

(3)     That Sports Licensing, Inc.'s motion to intervene is GRANTED, and the intervenor shall file its answer and counter complaint on or before September 1, 1998; and it is further ORDERED

(4)     That the Clerk of the Court shall TRANSMIT a copy of this Order and the foregoing Memorandum to counsel of record.

/s/ Andre M. Davis<br>
ANDRE M. DAVIS<br>
United States District Judge

_____ FILED _____ ENTERED
_____ LODGED _____ RECEIVED

AUG 1 8 1998

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____
             DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

STX, INC., :
    Plaintiff :
:
v. : CIVIL NO. AMD 97-1578
:
BRINE, INC., et al., :
    Defendants :

...oOo...

## MEMORANDUM

In this patent infringement action initiated by STX, Inc., defendant and counter-plaintiff Brine, Inc. has asserted two counterclaims accusing STX of infringing U.S. Patent Nos. 5,035,434 ("the '434 patent") and 5,037,112 ("the '112 patent"), reciting claims related to the construction of lacrosse stick heads. Pending before the court are STX's motion for summary judgment on the counterclaims on the grounds that Brine lacks standing to assert them; STX's motion for sanctions against Brine; and a motion to intervene filed by Brine's affiliate and the patentee of the '434 and '112 patents, Sports Licensing, Inc. ("SLI"). No hearing is necessary. I shall deny STX's motions for summary judgment and for sanctions, the latter without prejudice, and I shall grant SLI's motion to intervene.

(i)

Ordinarily, a licensee has no right to bring suit for infringement in its own name because a license is regarded "as nothing more than a promise by the licensor not to sue the licensee." *Jim Arnold Corp. v. Hydrotech Systems, Inc.*, 109 F.3d 1567, 1577 (Fed.Cir.), *cert. denied,* 118 S.Ct. 338 (1997). "Only a patentee may bring an action for infringement." *Textile Productions, Inc. v. Mead Corporation*, 134 F.3d 1481, 1483 (Fed.Cir. 1998)(*citing* 35 U.S.C. 1 281 (1994)), *petition for cert. filed,* 67 U.S.L.W. 3002 (June 22, 1998)(No. 97-2064). A patentee is "the party to whom the patent

issued or any successors in title to the patent." *Id. (citing* 35 U.S.C. § 100(d)). Accordingly, only a licensee who "holds 'all substantial rights' under the patent," *id.* at 1484, has standing to bring a suit in its own name because that licensee "is in effect an 'assignee' and therefore a patentee." *Id.* A licensee who has not obtained all substantial rights under the patent, ordinarily must join the patentee in seeking relief from infringement. *Abbott Laboratories v. Diamedix Corp.*, 47 F.3d 1128, 1131 (Fed.Cir. 1995).[1]

Brine has an exclusive license to manufacture, market, and sell products that are designed under the '434 and '112 patents. SLI is the patentee and licensor of both patents. SLI and Brine have a relationship that is not uncommon in the patent licensing arena: they share a common ownership, William H. Brine, Jr., and Peter Brine and their families. SLI was created for the sole purpose of acquiring and managing various types of intellectual property, including the '434 and '112 patents. Brine's role is to manufacture, market and sell products under SLI's patents as its exclusive licensee.

STX contends that because Brine's exclusive license under the '434 and '112 patents is not evidenced by a writing, Brine lacks standing to bring an infringement action against STX and that the counterclaims must be dismissed. *Enzo APA & Son, Inc. v. Geapag A.G.*, 134 F.3d 1090, 1093 (Fed.Cir. 1998)(holding that a patent licensee has standing to bring an infringement action independently only if it has obtained a written grant of all substantial rights under the patent, and rejecting contention that an oral exclusive license or a *nunc pro tunc* license executed after suit is

---

[1]The Federal Circuit recognizes another exception to the rule in cases where the patentee is also the infringer. Quoting the Supreme Court in *Waterman v. Mackenzie*, 138 U.S. 252 (1891), the court stated "an exclusive licensee that does not have all substantial rights does have standing to sue in his own name when 'necessary to prevent an absolute failure of justice, as where the patentee is the infringer, and cannot sue himself.'" *Textile Productions*, 134 F.3d at 1484 (*quoting Waterman*, 138 U.S. at 255).

instituted confers standing).[2]

In answers to interrogatories and in connection with discovery proceedings before a magistrate judge, Brine admitted that its license was an oral agreement. Despite these earlier admissions, Brine now contends that a written agreement was indeed executed.[3] I am persuaded, however, for purposes of the present motion, that the combination of the earlier admission and the artful wording of the declarations offered as proof of the existence of a written agreement, *see supra* n. 3, establishes the absence of a dispute of material fact as to whether the agreement between SLI and Brine is a written one. It is not.

---

[2]The court reasoned as follows in *Enzo*:
> We have accorded standing, in certain limited circumstances, where all substantial rights under the patent have been transferred in the form of an exclusive license, rendering the licensee the virtual assignee. . . . While we acknowledge that a license may be written, verbal, or implied, if the license is to be considered a virtual assignment to assert standing, it must be in writing. The limited exception we have provided conferring standing on licensees is restricted to virtual assignees. As such, the licensing arrangement conferring such must, logically, resemble an assignment in both form and substance. Under the [sic] 35 U.S.C. § 261 (1994), "[a]pplications for patent, patents, or any interest therein, shall be assignable in law by an instrument in writing." If we were to expand the exception to include verbal licenses, the exception would swallow the rule. Parties would be free to engage in revisionist history, circumventing the certainty provided by the writing requirement of section 261 by claiming to be patentee by virtue of a verbal licensing arrangement.

134 F.3d at 1093 (citations omitted).

[3]In its opposition to STX's motion for summary judgment, Brine submitted the declarations of William Brine, Jr. and its counsel, Brian M. Dingman, Esq. Messrs. Brine and Dingman aver that a written licensing agreement exists but has been lost. They further aver that in early 1995, the agreement was modified to "memorialize the exclusivity of the agreement and Brine's right to enforce these patents." An unexecuted copy of the alleged modification agreement is attached to the declarations. Essentially, then, there is no substantial evidence that a written agreement of any sort was executed between the patentee, SLI, and Brine regarding the '434 and '112 patents.

In the alternative, Brine contends that *Enzo* is factually distinguishable from the instant case and that therefore its rule should not apply. The chain of title of the patent at issue in *Enzo* was complex, and it involved both domestic and foreign patent applications. Brine contends that because it is the exclusive marketer and seller of products that are designed under the '434 and '112 patents, and since SLI and Brine have common ownership, Brine is the real party in interest because it is the one being damaged by STX's alleged infringement.

Brine argues further that I should look to *Kalman v. Berlyn Corp.*, 914 F.2d 1473 (Fed. Cir. 1990), to decide the standing issue. In *Kalman*, the patentee in a damages trial (liability having been established in a bifurcated proceeding), moved to amend his pleadings to add his licensee as a party so as to insure a complete recovery of lost profits. *Id.* at 1477. The licensee was a corporation of which the patentee plaintiff was one of two 50% shareholders. The court denied the motion. *Id.* On appeal, the Federal Circuit held that the trial court had abused its discretion in denying the motion to amend, notwithstanding that it was filed late in the proceedings, and over objections that the defendant was prejudiced by a lack of discovery from the newly joined party. *Id.* at 1479-80 (discussing, *inter alia*, *Foman v. Davis*, 371 U.S. 178 (1962)(explicating liberal amendment policy of the Federal Rules of Civil Procedure)); *and see id.* at 1481(discussing *Duplan Corp. v. Deering Milliken Research Corp.*, 522 F.2d 809 (4th Cir. 1975)(reversing district court's denial of motion for leave to intervene filed by exclusive use licensee after patentee had assumed responsibility for prosecution of the action which had been instituted, despite lack of independent standing, by exclusive use licensee)). The Court cautioned, in remanding to allow the licensee to be joined, "[i]t is important to note that in this case we do not give any licensee who joins the patentee standing to sue an infringer. When the sole licensee, however, has been shown to be directly damaged by an

infringer in a two supplier market, and when the nexus between the sole licensee and the patentee is so clearly defined as here, the sole licensee must be recognized as the real party in interest." *Id.* at 1482. Brine argues that this language describes the limited market in lacrosse sticks involved in the case at bar and supports its contention that it has independent standing to prosecute the counterclaims asserted here.

I agree with STX, however, that the facts and reasoning of *Kalman* do not support the conclusion that Brine has independent standing to sue STX. In *Kalman,* the Federal Circuit did not decide the issue of whether an exclusive licensee has standing by itself to sue for infringement. Rather, the issue was whether the licensee had standing to join the patent holder as a co-plaintiff in a damages trial. Nevertheless, *Kalman* provides support for Brine's alternative contention that the patentee, SLI, should be permitted to intervene in this litigation, and that Brine should be permitted to remain as co-plaintiff. Accordingly, although STX has met its burden under summary judgment standards by demonstrating that no written agreement evidencing Brine's exclusive license under the '434 and '112 patents exists, I shall deny its motion because by granting SLI's motion to intervene, the defect in Brine's derivative standing is cured.

In *Kalman*, the licensee had not obtained substantial rights under the patent to bring an infringement action independently. However, the licensee enjoyed derivative standing to join the patentee in suit because it not only had suffered damage from the infringement but had obtained a substantial proprietary interest in the patent. 914 F.2d at 1481-82. In *Abbott, supra,* the court held that "when a patent owner retains a substantial proprietary interest in the patent and wishes to participate in an infringement action, the court must allow it to do so." *Id.* at 1133. The facts in *Abbott* are similar to the present facts. In *Abbott*, the patentee moved to intervene in a patent

-5-

infringement action brought by its licensee who lacked standing to bring the suit independently. The district court's denial of the motion was reversed by the Federal Circuit. I am persuaded that the rule of *Enzo*, that a written license is a *sine qua non* of standing for an exclusive licensee, must be read in light of *Abbott* and *Kalman,* and should not apply in a case in which an exclusive licensee under an oral license seeks to participate as a co-plaintiff (or, as here, a co-counter-plaintiff) with the patentee, and where, as in *Kalman*, "the sole licensee . . . has been shown to be directly damaged by an infringer in a two supplier market, and when the nexus between the sole licensee and the patentee is so clearly defined as here, the sole licensee must be recognized as the real party in interest." Thus, I am persuaded that by allowing the intervention of SLI, the patentee, the motion for summary judgment as to the disputed counterclaims should be denied because the standing defect evaporates, and STX has no plausible claim of prejudice.[4] Consequently, I shall permit SLI to intervene.

(ii)

STX has moved for sanctions contending that Brine's past representations that a written licensing agreement exists were false, and that the counterclaims have not been asserted in good faith and with substantial justification. Although I find it deeply troubling that at this late stage in the litigation, and after what seems to have been on Brine's part an inexcusable failure to cooperate in the discovery process, Brine cannot locate an agreement that it ardently argues exists, I shall deny the motion for sanctions at this time, but only without prejudice to its renewal by STX. For one thing, this will give Brine additional time to locate the ostensible agreement. More comprehensively,

---

[4]STX opposes SLI's motion to intervene on grounds that the counterclaims are frivolous, "barred under the doctrine of equitable estoppel and empty of damages by operation of laches." These contentions are best left to consideration of the counterclaims on their merits at the conclusion of discovery.

however, as I have intimated to counsel in the course of earlier conferences, there has existed from the beginning of this litigation the strong aroma of impropriety, and I expect to act decisively to address any demonstrated lack of good faith or substantial justification in the assertion of claims or otherwise as the facts of this matter reveal themselves. An order follows.

Filed: August 18, 1998

_____
ANDRE M. DAVIS
United States District Judge