IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

STX, INC.                              :
                                       :
         v.                            :   CIVIL ACTION NO. AMD-97-1578
                                       :
BRINE, INC.                            :
WARRIOR LACROSSE, INC.                 :
              ..oOo..

**O R D E R**

Plaintiff Stx, Inc.'s ("Stx") patent infringement complaint against defendants Brine, Inc. ("Brine") and Warrior Lacrosse, Inc. ("Warrior") was dismissed on February, 25, 1999. I concluded that Stx's U.S. Patent No. 5,566,947 was invalid and granted Brine and Warrior's motions for summary judgment. I further granted Stx's motion for summary judgment as to Brine's counterclaim that Stx had infringed on its U.S. Patent No. 5,035,434 by virtue of its production of its Raptor lacrosse head.[1] All remaining claims, counterclaims, crossclaims and all claims by and against intervened and impleaded parties were dismissed. Final judgment was entered that same date.

On March 17, 2000, defendants Brine and Warrior filed separate Bills of Costs pursuant to Fed. R. Civ. P. 54(d) and 28 U.S.C. §

---

[1] Brine had also filed a counterclaim that Styx had infringed on its U.S. Patent No. 5,037,112. I dismissed this claim without prejudice for lack of jurisdiction.

1920. (Paper Nos. 173 & 174.) They seek respective awards of $36,925.59 and $16,179.48 in court reporter fees and printing/photocopy costs. (*Id.*)

On April 1, 2000, Stx filed an opposition to the Warrior taxation request. (Paper No. 180.) Stx claims that costs should not be taxed in favor of Warrior as its Bill of Costs is time-barred and fails to comply with local rule requirements due to the absence of a supporting memorandum. (*Id.*) In addition, Stx requests the opportunity to further address the merits of Warrior's Bill of Costs-- after a determination of the case on appeal-- should Warrior be allowed to have its request for costs heard. (*Id.* at 2-3.)

On April 12, 2000, Warrior filed a reply arguing that its Bill of Costs was filed in a timely manner and that its filing of the standardized Bill of Costs form-- which contained an affidavit-- satisfies local rule requirements. (Paper No. 182.) Warrior further claims that if STX wanted to oppose the merits of the Bill of Costs it should have done so in its response. (*Id.*)

On May 8, 2000, the United States Court of Appeals for the Federal Circuit affirmed the substantive judgment of this Court. The Federal Circuit mandate was issued on May 30, 2000.

Plainly, Warrior's Bill of Costs was filed in a timely manner. Further, its failure to file an accompanying Memorandum is not fatal to its taxation request in light of counsel's affidavit and the supporting exhibit material. Therefore, I find no merit to Stx's procedural arguments. Pursuant to its request, Stx shall be granted an additional seventeen days from the date of this Order to file a supplemental opposition to the Warrior Bill of Costs.

Warrior shall be granted an additional eleven days after service of the opposition to file a supplemental reply.

Accordingly, IT IS this 24th day of July, 2000, by this Court hereby ORDERED:

1. That plaintiff Stx, Inc. IS GRANTED an additional SEVENTEEN DAYS from the date of this Order to file a supplemental opposition to defendant Warrior Lacrosse, Inc.'s Bill of Costs;

2. That defendant Warrior Lacrosse, Inc. IS GRANTED an additional ELEVEN DAYS from the service date of Stx, Inc.'s supplemental opposition to file its supplemental reply; and

3. The Clerk of the Court MAIL a copy of this Order to the parties of record.

_____
Andre M. Davis
United States District Judge

3