IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND


STX, INC. :
:
    v. : CIVIL ACTION NO. AMD-97-1578
:
BRINE, INC. :
WARRIOR LACROSSE, INC. :
..oOo..

**O R D E R**

Plaintiff Stx, Inc.'s ("Stx") patent infringement complaint against defendants Brine, Inc. ("Brine") and Warrior Lacrosse, Inc. ("Warrior") was dismissed on February, 25, 1999. Judge Andre M. Davis concluded that Stx's U.S. Patent No. 5,566,947 was invalid and thus granted Brine and Warrior's motions[1] for summary judgment. Judge Davis further granted Stx's motion for summary judgment as to Brine's counterclaim that Stx had infringed on its U.S. Patent No. 5,035,434 by virtue of its production of its Raptor lacrosse head.[2] All remaining claims, counterclaims, cross-claims and all claims by and against intervened and impleaded parties were dismissed. Final judgment was entered that same date.

---

[1] See Paper Nos. 119 & 122.

[2] Brine had also filed a counterclaim that Stx had infringed on its U.S. Patent No. 5,037,112. Judge Davis dismissed this claim without prejudice for lack of jurisdiction.

On March 17, 2000, defendants Brine and Warrior filed separate Bills of Costs pursuant to Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1920. (Paper Nos. 173 & 174.) They seek respective awards of $36,925.59 and $16,179.48 in court reporter fees and printing/photocopy costs. (*Id.*) On April 1, 2000, Stx filed oppositions to the Warrior and Brine taxation requests. (Paper Nos. 179 & 180.) Stx claimed that the defendants' Bills of Costs were time-barred and that, in the alternative, the defendants had failed to comply with local rule requirements by filing a memoranda in support of their respective requests. (*Id.*) In addition, Stx requested the opportunity to further address the merits of the defendants' Bills of Costs-- after a determination of the case on appeal. (*Id.*) Brine subsequently filed a supplemental memorandum in support of its taxation request. (Paper No. 181.) Warrior filed a reply memorandum, arguing that its Bill of Costs was timely filed and that its filing satisfied local rule requirements. (Paper No. 182.)

The United States Court of Appeals for the Federal Circuit affirmed the judgment of this Court on May 8, 2000. On July 24, 2000, Judge Davis found no merit to Stx's procedural arguments for denying the Bills of Costs and granted the parties additional time

to file an objection and reply. (Paper No. 195.) On August 2, 2000, Stx filed its substantive opposition to Brine and Warriors' Bill of Costs. (Paper No. 196.) Warrior and Brine filed their reply memoranda. (Paper No. 197 & 198.) The taxation requests are ready for my consideration. No hearing is necessary. *See* Local Rule 105.6

I. *Court Reporter Fees for Deposition and Hearing Transcripts*

The Clerk may tax the costs of depositions under Fed. R. Civ. P. 54(d) where they are necessary for the case. *See generally Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437 (1987). To determine if a deposition expense is taxable, the undersigned must "consider the extent of actual use of each deposition and whether the taking was reasonably necessary to the party's case in light of the particular situation existing at the time of taking. It is not necessarily fatal to taxation that a deposition was not introduced or otherwise used at the trial." *See Advance Business Systems & Supply Co. v. SCM Corporation*, 287 F. Supp. 143, 165 (D.Md. 1968), *aff'd as modified,* 415 F.2d 55 (4th Cir. 1969), *cert. denied,* 397 U.S. 920 (1970); *see also Lavay Corp. v. Dominion Fed.*

*Sav. & Loan Ass'n*, 830 F.2d 522, 528 (4th Cir. 1987), *cert. denied*, 434 U.S. 1065 (1988).

While the court may allow a deposition expense if the taking of that deposition was "reasonably necessary" in "light of the particular situation existing at the time of the taking," the undersigned Clerk's authority is more limited. In this district the Clerk has traditionally allowed: (1) the costs associated with deposing the parties in the case: (2) the costs of those depositions that were actually used in connection with the event that terminated the litigation; and (3) the deposition costs associated with those deponents who testified at trial.

Given the aforementioned restrictions of the Clerk's discretion, I shall allow the taxation of court reporter fees based upon my review of the defendants' successful summary judgment motions and related reply memoranda (*See* Paper Nos. 119, 122, 142 & 143) and the materials, arguments and costs delineated in the various taxation pleadings presented by the parties.

Upon examination of Warrior's successful summary judgment motion and reply memoranda, I observe that Warrior relied on the Richard Tucker, Kevin Morrow, Fielding Lewis, David Morrow, Jackie Davis and Bob Griebe depositions. Therefore, given my limited

discretion, I would be inclined to award court reporter costs as to these depositions. However, the undersigned notes that the invoices submitted by Warrior in its taxation request do not provide a per page rate for the Morrow depositions.[3] Without this information I cannot determine whether the taxation requests are reasonable. Further, I notice that the deposition cost table set out in Warrior's reply, which seeks revised costs, does not include the Jackie Davis' deposition. (*See* Paper No. 197 at 3.) Consequently, reduced deposition costs shall be awarded to Warrior in the amount of $844.55 (Tucker depositions Volumes I and II); $533.06 (Fielding deposition); and $676.25[4] (Griebe deposition), for a total award of $2,053.86.

As to defendant Brine's request for deposition costs, I have carefully scrutinized its minimal supporting materials, as well as its summary judgment motion granted by Judge Davis. I note that Brine relied on the Richard Tucker, Fielding Lewis, Jackie Davis,

---

[3] On the whole, I find Warrior's Bill of Costs supporting documentation for its deposition costs' request woefully inadequate. Only general invoices are provided, a large number of which: (1) refer to cumulative payments for unidentified deposition billings; (2) do not contain precise item costs for each deposition; and (3) were produced in an incomplete manner due to illegible copy work. The cost table in Warrior's reply does not cure a substantial portion of these deficiencies.

[4] These amounts are culled from the deposition cost table set out in Warrior's reply.

and David Anthony Emala depositions in support of its successful dispositive motion and the reply brief related thereto. Therefore, I shall award deposition costs to Brine in the amount of $778.53 (Lewis deposition); $325.60 (Davis deposition); $1,389.30 (Tucker depositions Volumes I & II); and $1,484.45 (Emala deposition) for a deposition cost award of $3,977.88.

The Court lacks the authority to tax the $246.75 cost of a transcript copy of the October 2, 1998 summary judgment motion hearing. Counsel for Warrior may, of course, seek an order requiring reimbursement from the Court.

## II. Fees for Copy Work

Defendant Warrior requests the taxation of copy work in the amount of $1,942.03. Brine likewise seeks reimbursement for photocopy costs in the amount of $21,220.04.

This Court's position on copy work costs has been resolute for over ten years. Photocopying charges for documents are taxable only to the extent that the copies are used as court exhibits or are furnished to the court or opposing counsel pursuant to procedural rules. *Stratton v. Equitable Bank*, Civil Action No.

HAR-88-1485; *see also Sun Publishing Company, Inc. v. Mecklenburg News, Inc.*, 594 F. Supp. 1512, 1524 (E.D. Va. 1984).

The Clerk has reviewed the defendants' aforementioned copy requests and shall deny the items in their entirety. Defendant Warrior declares that the copying and printing charges were necessary. However, these costs, only documented by various invoices that refer to "light litigation," "medium litigation," "heavy litigation," or "glasswork," do not identify the materials copied. Brine's proffer fails for similar reasons. It likewise submits copy work invoices that refer to "light litigation," "standard litigation", as well as duplication and color copy work that is not identified.[5] This may appear to be a trifling matter to counsel, but in the absence of an identification of the documents, *i.e.* motions, memoranda, exhibits, I cannot determine whether they fall under the *Stratton* criteria. No copy work costs shall be awarded.[6]

---

[5] Lumped in with the approximately 75 copy work invoices provided by Brine is a billing for $856.67 in court reporter fees associated with the deposition of William H. Brine. Brine shall be awarded costs as to this item in the amount of $850.67.

[6] Counsel is of course free to seek review of this ruling pursuant to Fed. R. Civ. P. 54(d)(1).

In accordance with the foregoing opinion, costs are hereby awarded in favor of defendant Warrior in the amount of $2,055.86 and to defendant Brine in the amount of $4,828.55. The Clerk of Court shall docket and mail copies of this Order to counsel in this case.

Dated this 9th day of November, 2000.

Felicia Cannon
Clerk of the Court
United States District Court for
  the District of Maryland